UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF ARKANSAS

U.S. DISTRICT COURT
WESTERN DIST ARKANSAS
FILED

NOV 17 2014

CHRIS R. JOHNSON, Clerk
By _____ Deputy Clerk

| | |
|---|---|
| ANNIE WILLIAMS, ) | Case No. 14-1060 |
| ) | |
| Plaintiff, ) | COMPLAINT FOR INJUNCTIVE |
| ) | RELIEF AND DAMAGES, AND |
| vs ) | JURY DEMAND |
| ) | |
| HOUSING AUTHORITY OF THE ) | (Violation of Federal Housing and |
| CITY OF CAMDEN ) | Federal Civil Rights Laws) |
| ) | |
| Defendant. ) | |

Plaintiff Annie Williams, for her Complaint, alleges as follows:

## INTRODUCTORY STATEMENT

Plaintiff, a former recipient of a Section 8 housing subsidy, sues Defendant Housing Authority of the City of Camden ("Housing Authority"). Defendant terminated Plaintiff's Section 8 housing subsidy by reason that she was renting from her daughter, without applying an exception to this rule of termination as required by Federal law. Defendant also denied Plaintiff's request of an appeal and administrative hearing, thereby denying Plaintiff's right of due process, adequate notice, and a meaningful opportunity to be heard.

Plaintiff requests that this Court issue an order declaring that the termination of her Section 8 subsidy to be in violation of her rights under Federal substantive and procedural law, directing Defendant to reinstate her Section 8 housing subsidy, compensate her for damages suffered as a result of the improper termination and denial of her Section 8 housing assistance payments, award her costs, her attorney's fee and any and all relief that it deems just and proper.

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter pursuant to 28 U. S. C. § 1331 because it arises under 42 U. S. C. § 1437d and 42 U. S. C. § 1983, and for redress of violations of Plaintiff's rights under Federal Housing and Federal Civil Rights Laws.

2. Venue is proper in this Court under 28 U. S. C. § 1391 because the events at issue occurred in this judicial district.

## PARTIES

3. Plaintiff Annie Williams, currently resides and at all times relevant herein, resided in El Dorado, Union County, Arkansas.

4. Defendant Housing Authority of the City of Camden ("Housing Authority") is a public corporation under Arkansas law and it is responsible for administering the Section 8 rental assistance program to low income families, senior citizens and others in Union County, Arkansas.

5. Plaintiff is informed and believes, and on that basis alleges, that the Defendant is responsible for the occurrences herein alleged, and that Plaintiff's damages were proximately caused thereby.

6. The acts of the Defendant complained of herein was done by the Defendants under color of the statutes, regulations, customs, usages, and laws of the United States, the State of Arkansas and the Counties of Union and Ouachita in Arkansas.

## STATEMENT OF FACTS

7. Plaintiff, Annie Williams, is 63 years old and suffers from serious health problems. Her only source of income is Social Security and Supplemental Security Income ("SSI"), from which she receives approximately $ 741 per month.

8.     Centorial Hughes is the Plaintiff's daughter and, at all times relevant herein, was the owner of the rental unit where her mother resided. During 2004, Plaintiff applied and was approved to receive a rental subsidy provided by the previous administrator of the Section 8 program, Area Agency on Aging of Southwest Arkansas. The rental subsidy provided was under the federally-financed Housing Choice Voucher Program known as "Section 8," pursuant to Federal law at 42 U. S. C. § 1437f. Plaintiff's daughter received the Section 8 subsidy, which was applied to Annie Williams' rent obligation.

9.     On February 23, 2012, a Memorandum was sent by the Housing Authority to all rental assistance landlords and recipients participating in the Section 8 program. Said Memorandum stated that the Area Agency on Aging would no longer be administering the Section 8 Rental Assistance program. It further stated that the Camden Housing Authority ("Housing Authority") had been approved by the County Judges and Quorum Courts in Dallas, Ouachita and Union Counties to administer this program in these respective counties.

10.    The February 23, 2012, Memorandum then stated as follows: "Please understand that the change in administration will not change any of the current contract rents, amount of voucher payments to landlords or utility checks to residents for the immediate future. However, changes may be required as annual re-examination information for families/individuals is verified or properties are inspected for compliance with approved housing quality standards."

11.    On June 25, 2012, Defendant Housing Authority sent a letter to Plaintiff informing her that her re-certification interview was scheduled for July 10, 2012.

Plaintiff attended the interview and provided all of the documents and information requested by the Housing Authority.

12. On November 6, 2012, Defendant Housing Authority sent a letter to Plaintiff and to the owner of the real property wherein Plaintiff resided. The letter stated that the Plaintiff Annie Williams could no longer rent any Section 8 assisted unit from a relative. It further informed Plaintiff that she could find a different unit or go off the Section 8 Rental Assistance Program and remain at her current location. This notice dated November 6, 2012, stated that the Plaintiff could call to discuss the decision. Attached hereto and incorporated herein as Exhibit A is a copy of said letter.

13. On November 20, 2012, Defendant Housing Authority sent another letter to Plaintiff Annie Williams that provided that it was Plaintiff's official notification that her contract would terminate effective November 30, 2012. The stated reason for the termination was that Plaintiff Annie Williams, and the owner were relatives and HUD stated that Plaintiff could no longer rent from a relative. The letter further stated, "If you disagree with this decision, you may request IN WRITING, within 10 days; an informal hearing to discuss your case." Attached hereto and incorporated herein as Exhibit B is a copy of said letter.

14. On November 21, 2012, the undersigned attorney sent a letter to the Rental Assistance Program office at the address provided on the letter sent to Plaintiff informing the Defendant that Annie Williams disagreed with its decision. Attached hereto and incorporated herein as Exhibit C is a copy of said request. On November 28, 2012, Plaintiff Annie Williams, presented in person a request for an informal hearing to the Section 8 office in El Dorado, Arkansas. Attached hereto and incorporated

herein as Exhibit D is a copy of the request for the informal hearing. An employee of the Defendant refused to accept the written request. Plaintiff was told that there was nothing that the Defendant could do for her. Additionally, Plaintiff was told that she would have to move away from her residence to keep her Section 8 Rental Assistance subsidy and voucher.

15. Despite the Plaintiff's request, the Defendant Housing Authority failed to provide any informal conference, administrative hearing or any impartial adjudication of any kind to determine whether the Housing Authority properly proposed or decided termination of her Section 8 rental subsidy.

16. The Defendant Housing Authority then terminated and canceled the Plaintiff's Section 8 rental assistance voucher and subsidy.

## FIRST CAUSE OF ACTION

(Termination In Violation of Substantive Housing Law)

17. Plaintiff realleges and incorporates by reference Paragraphs 1 through 20 of her Complaint as though fully set forth herein.

18. This Cause of Action is brought pursuant to 42 U. S. C. § 1437d and 42 U. S. C. § 1983.

19. The termination of the Plaintiff's Section 8 rental subsidy was in violation of 24 CFR § 982.306 (d), which provides that the Housing Authority must not approve a rental unit if the owner is a parent, child, ..... of any member of the family. This restriction against the Housing Authority's approval of a unit only applies at the time a family initially receives tenant-based assistance for occupancy of a particular unit, but

does not apply to approval of a new tenancy with continued tenant-based assistance in the same unit.

20. From 2004 until her rental assistance was ended by the Defendant, Plaintiff Annie Williams received the Section 8 rental subsidy to reside at the premises owned by her daughter, Centorial Hughes.

21. The termination of the Plaintiff's Section 8 subsidy and the violation of the law cited herein denied her the continued eligibility and benefit of the law. As a direct and proximate result of the acts, omissions, and violations described herein, Plaintiff suffered damages in an amount to be proven at trial. As a direct and proximate result of the acts, omissions, and violations described herein, Defendant wrongfully terminated Plaintiff's Section 8 subsidy voucher.

22. Plaintiff also seeks injunctive and declaratory relief to remedy her loss of a housing subsidy that was wrongfully terminated as a result of Defendant's unlawful acts. Plaintiff has no further plain, speedy or adequate remedy at law.

## SECOND CAUSE OF ACTION

(Violation of Federal Statutory Procedural Law and Due Process)

23. Plaintiff realleges and incorporates by reference Paragraphs 1 through 20 of her Complaint as though fully set forth herein.

24. This Cause of Action is brought pursuant to 42 U. S. C. § 1437d(k)(1) and 1437d(k)(3).

25. The above-described acts and omissions of the Defendant Housing Authority, violated Plaintiff's rights pursuant to 42 U. S. C. § 1983. Despite the Plaintiff

and her attorney indicating their opposition to the termination of the Plaintiff's Section 8 subsidy and despite the Plaintiff in person requesting an appeal, Defendant failed to provide any administrative appeal to the Plaintiff. Defendant was required to respond to Plaintiff's request for an appeal before her Section 8 assistance was terminated. Accordingly, the Defendant totally failed to provide Plaintiff with due process and denied her an adequate notice and meaningful opportunity to be heard.

26. As a direct and proximate result of the acts, omissions, and violations alleged above, Plaintiff suffered damages in an amount to be proven at trial. As a direct and proximate result of the acts, omissions, and violations described herein, Defendant wrongfully terminated Plaintiff's Section 8 subsidy voucher.

27. Plaintiff also seeks injunctive and declaratory relief to remedy her loss of a housing subsidy that was wrongfully terminated as a result of Defendant's unlawful acts. Plaintiff has no further plain, speedy or adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment as follows:

1. That Plaintiff be awarded declaratory and injunctive relief and damages according to proof under Plaintiff's first cause of action caused by Defendant's violation of Plaintiff's federal housing rights pursuant to 42 U. S. C. § 1437d, 24 CFR § 982.306 (d) and 42 U. S. C. § 1983.

2. That Plaintiff be awarded declaratory and injunctive relief and damages according to proof, under Plaintiff's second cause of action by Defendant's violation of Plaintiff's federal housing right pursuant to 42 U. S. C. § 1983, and 42 U. S. C. §

1437d(k)(1) and 1437d(k)(3) and the U. S. Constitution.

3. That the Court order the Defendant to reinstate Plaintiff's Section 8 voucher payments, under her first and second causes of action.

4. That Plaintiff be awarded her costs of suit, including a reasonable attorney's fee incurred in the bringing, prosecuting and maintaining this action under federal law, including pursuant to 42 U. S. C. § 1437d and 42 U. S. C. § 1983.

5. That Plaintiff be awarded such other and further relief as the Court deems just and proper.

Dated: 10/27/2014

                                                                     Ben Seay, Attorney for Plaintiff
Annie Williams
Arkansas Bar Number 82144
Center for Arkansas Legal Services
101 W. Main, Suite 300
El Dorado, AR 71730
(870) 863-0368

## VERIFICATION

I, Annie Williams, state on oath the following:

1. I have read the foregoing Complaint.

2. I am a party to this action.

3. The matters stated in the foregoing document are true of my own knowledge except as to those matters which are stated on information and belief, and as to those matters, I believe them to be true.

4. I declare under penalty of perjury under the laws of the State of Arkansas that the foregoing is true and correct.

5. Executed in El Dorado, Union County, Arkansas.

_Annie Williams_
Annie Williams

Subscribed and sworn to before me, a notary public, this 27th day of October, 2014.

_Odis Rose_
Notary Public

My Commission Expires:
8/22/2020





**SOUTH ARKANSAS RENTAL ASSISTANCE PROGRAM**
Calhoun – Dallas – Union Counties
1613 EAST MAIN STREET
EL DORADO, ARKANSAS 71730
870-875-1782 – Fax 870-875-1787
Toll Free 1-877-664-3318

VIRGINIA COLEMAN
SECTION 8 MANAGER

November 6, 2012

**TO: Landlord and Tenant**

**RE: HUD RULING; RENTING FROM RELATIVES**

I am writing you to let you know that you can no longer rent any Section 8 assisted unit from a relative. On Part 12. B of the request for Lease Approval it states that:

> ❖ The owner (including a principal or other interested party) is not the parent, child, grandparent, sister or brother of any member of the family.

You can either find a different unit to move-in to or you can go off the Section 8 Rental Assistance Program and remain where you are. Please call me at 870.875.1782 so that we can discuss your decision. Thank you for your cooperation in this matter.

Sincerely,

*Christopher W. Davis*
Section-8 Case Manager

EXHIBIT A



South Arkansas Rental Assistance Program does not discriminate in employment or provision of services on the basis of race, color, religion, sex, age, handicap or national origin.

OPERATED BY CAMDEN HOUSING AUTHORITY
P.O. BOX 39, CAMDEN, AR 71711   870-836-9309



## SOUTH ARKANSAS RENTAL ASSISTANCE PROGRAM
### Calhoun – Dallas – Union Counties
1613 EAST MAIN STREET
EL DORADO, ARKANSAS 71730
870-875-1782 – Fax 870-875-1787
Toll Free 1-877-664-3318

**VIRGINIA COLEMAN**
SECTION 8 MANAGER

November 20, 2012

ATTN: Ms. Annie Williams

Dear Landlord and Tenant:

This is your official notification that we will terminate contract #<u>**04-00137**</u>.

**EFFECTIVE DATE OF TERMINATION:** <u>**November 30, 2012**</u>

<u>**Reason for termination:**</u>   It has come to our attention that Ms. Williams and Ms. Hughes are related and HUD states that you can no longer rent from a relative. I have attached this ruling to this letter.

Thank you for your participation on this program. If we can be of any assistance in the future or if you have any questions or concerns; please feel free to call our office. **(870) 875.1782**

If you disagree with the decision, you may request **IN WRITING**, within 10 days; an informal hearing to discuss your case.

Sincerely,

*Christopher W. Davis*
*Case Manager-Union County Section 8*

Cc: file, landlord

EXHIBIT B

South Arkansas Rental Assistance Program does not discriminate in employment or provision of services on the basis of race, color, religion, sex, age, handicap or national origin.





*Founded 1965*

# CENTER FOR ARKANSAS LEGAL SERVICES

*Equal Justice For All*

November 21, 2012

South Arkansas Rental Assistance Program
ATTN: Christopher W. Davis
1613 East Main Street
El Dorado, AR 71730

Re: Annie L. Williams
    1315 North Gray Avenue
    El Dorado, AR 71730

Dear Mr. Davis:

Ms. Annie L. Williams has brought me a letter from your office informing her that she had to move to keep her Section 8 Rental Assistance contract or, if she stayed at her present residence, her Section 8 Rental Assistance contract would be canceled. This is because she is renting her home from her relative. That is the only reason stated in support of this ultimatum.

Ms. Williams contests this action by your program. Ms. Williams tells me that she has rented this premises with Section 8 assistance since 2004.

My understanding is that neither the HUD statutes or regulations require this action. In fact, your notice to Ms. Williams states that this is a provision of a request for lease approval. This reinforces my belief that this is not mandatory under HUD laws and regulations.

Ms. Williams has had a Section 8 contract for a long time. I believe that if your Program takes the action described in your November 6 letter to her, this would constitute a breach of contract.

I will take any action necessary to get relief by HUD and the courts, if necessary, to keep Ms. Williams in her home and keep her Section 8 rental assistance contract in force. If I do not receive a response from your office by the date of the next rental payment due, then I will take this action.

Yours truly,

*Ben Seay*

Ben Seay
Attorney at Law

cc: Ms. Annie L. Williams

**EXHIBIT C**

El Dorado Branch Office: 101 West Main St., Suite 300 / El Dorado, Arkansas 71730-5653
Phone: 870-863-0368 / Fax: 870-863-0515 / Toll Free: 800-950-0368

LSC

November 28, 2012

Mr. Christopher W. Davis
Case Manager
South Arkansas Rental Assistance Program
1613 East Main Street
El Dorado, AR 71730

Re: Annie Williams contract

Dear Mr. Davis:

I disagree with the decision terminating my Section 8 rental assistance contract if I remain at the property owned by my daughter.

I hereby request the informal hearing to discuss my case.

I want my attorney, Mr. Ben Seay with Legal Services, to be present at that hearing.

His contact information is on his business card, which is attached.

Yours truly,

*Annie Williams*
Annie Williams
1315 North Gray Ave.
El Dorado, AR 71730

---

CENTER FOR ARKANSAS LEGAL SERVICES
101 W. Main Street, Suite 300 / El Dorado, AR 71730
www.arlegalservices.org

**Ben Seay**
Attorney at Law

---

Phone: (870) 863-0368    Fax: (870) 863-0515
Toll Free: (800) 950-0368
Email: bseay@arkansaslegalservices.org

EXHIBIT D